# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NICKELS BOWEN PEEPLES,** | ) |
| **Plaintiff,** | ) ) ) ) |
| v. | ) ) ) ) **CIVIL ACTION NO.** |
| **DITECH FINANCIAL LLC;** **MORTGAGE ELECTRONIC** **REGISTRATION SYSTEMS, INC.,** | ) _____ ) ) ) ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Ditech Financial LLC ("Ditech") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and any and all defenses under the federal laws of bankruptcy, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby give notice of the removal of this action from the Circuit Court of St. Clair County, Alabama, Ashville Division, to the United States District Court, Northern District of Alabama, Southern Division, and in support thereof, state as follows:

30114893 v1

## **GROUNDS FOR REMOVAL**

**I.     DIVERSITY JURISDICTION**

1. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

2. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

> (a)    The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -
>
> > (1)    citizens of different States. . . .

3. The United States District Court for the Northern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of St. Clair County, Alabama, Ashville Division, where this suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. §§ 81(a)(3) and 1441(a).

A. **Citizenship of the Parties.**

4. There is complete diversity of citizenship between Plaintiff and Defendants. *See* 28 U.S.C. § 1332.

5. Per the allegations in his Complaint, Plaintiff is a resident citizen of St. Clair County, Alabama. (Compl., ¶ 2.)

6. Defendant Ditech Financial LLC is a Delaware limited liability company with its principal place of business in Florida. For the purposes of diversity jurisdiction, the citizenship of a limited liability company is "every state that any member is a citizen…." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Ditech does not have any members who are residents of Alabama, and, therefore, is not a citizen of Alabama.

7. Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation with its principal place of business in Virginia. For the purposes of diversity jurisdiction, the citizenship of a corporation is "the state under whose law it was incorporated and the state where it has its principal place

of business." *Worthington Fed. Bank v. Everest Nat. Ins. Co.*, 110 F. Supp. 3d 1211, 1216 (N.D. Ala. 2015). MERS is, therefore, a citizen of Delaware and Virginia and is not a citizen of Alabama.

8. As neither Defendant is a citizen of Alabama, there exists complete diversity of citizenship between Plaintiff and Defendants.

**B.     The Amount In Controversy Requirement is Satisfied in the Present Action.**

9. Diversity jurisdiction's amount in controversy requirement is also satisfied. *See* 28 U.S.C. § 1332.

10. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs.

11. This is a foreclosure matter where Plaintiff contends that he holds an interest in certain real property located at 1281 Sanie Road, Branchville, Alabama 35120 (the "Subject Property"). The Subject Property was encumbered by a loan taken out by Plaintiff's wife, Diedra Y. Peeples. A true and correct copy of the mortgage given by Diedra Y. Peeples is attached hereto as **Exhibit A** and was in the total amount of $220,000.00.

12. In his Complaint, Plaintiff alleges that the loan to Diedra Y. Peeples was "fraudulent, invalid, and unenforceable" because Plaintiff did not sign or otherwise authorize the mortgage securing the loan. Based on these allegations,

Plaintiff seeks to quiet title to the Subject Property. (Compl., at Count One.) Importantly, Plaintiff asserts a right to relief as follows:

> For an order compelling said Defendants to transfer legal title and possession of the subject property to Plaintiff herein; For a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendants herein, be declared to have no estate, right, title or interest in said property; For a judgment forever enjoining said defendants from claiming any estate, right, title or interest in the subject property; For costs of suit herein incurred.

(Compl., p. 7.)

13. When a plaintiff makes a demand for an unspecified amount of damages, a defendant may remove the action by showing by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deductible from them, then the court has jurisdiction." *Id.* at 1211.

14. In a foreclosure case, where the plaintiff seeks to quiet title to certain property, disaffirm a mortgage loan, and enjoin a foreclosure, the amount in controversy is the value of the property at issue. *Hosseinzadeh v. Green Point Mortgage Funding, Inc.*, 577 F. App'x 925, 927 (11th Cir. 2014) ("Because Hosseinzadeh seeks to quiet title to the property and enjoin any of the creditors

from foreclosing on it, the 'value of the object of the litigation from [his] perspective' is the value of the property….").

15. The best estimate of the value of the Subject Property in this case is the face value of the mortgage given by Diedra Y. Peeples -- $220,000.00. The amount of the mortgage is an acceptable method to establish the value of the property at issue. *See Mapp v. Deutsche Bank Nat'l Trust Co.,* 2009 WL 3664118, *4 (M.D. Ala. Oct. 28, 2009) (finding that the note and mortgage "are contracts that establish the fair market value of [the plaintiff's] property interest, which undisputedly exceeds the jurisdictional amount.").

16. While Plaintiff's Complaint does not have an *ad damnum* clause specifically asking for damages in an amount greater than $75,000.00, it is evident for the reasons stated above that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, because Plaintiff seeks to permanently enjoin foreclosure on, and quiet title in, the Subject Property.

17. As a result, the amount in controversy exceeds the jurisdictional minimum of $75,000, and the Court possesses diversity jurisdiction over this matter.

## ADOPTION AND RESERVATION OF DEFENSES

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative

matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## **PROCEDURAL REQUIREMENTS**

19. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

20. Federal jurisdiction exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

21. True and correct copies of "all process, pleadings, and orders" are attached hereto as **Exhibit B** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendants to date in this case.

22. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446. This matter became removable on or about July 13, 2017, the date Ditech was served.

23. Defendants have heretofore sought no similar relief.

24. The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place where this action is pending in state court.

25. Defendants reserve the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

26. Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same with the clerk of the Circuit Court of St. Clair County, Alabama, Ashville Division. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, **PREMISES CONSIDERED,** Defendants Ditech Financial LLC and Mortgage Electronic Registration Systems, Inc. pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of St. Clair County, Alabama, Ashville Division to the United States District Court for the North District of Alabama, Southern Division.

/s/ *Mignon A. Lunsford*
William J. Long (ASB-2268-I44L)
Mignon A. Lunsford (ASB-7695-P44A)

Attorneys for Defendants,
Ditech Financial LLC and Mortgage
Electronic Registration Systems, Inc.

**OF COUNSEL:**

William J. Long
BURR & FORMAN LLP
420 N. 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 244-5615
jlong@burr.com

Mignon A. Lunsford
BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama  36652
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696
mlunsford@burr.com

R. Austin Huffaker, Jr.
RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.
184 Commerce Street
Post Office Box 270 (36101-0270)
Montgomery, Alabama
Telephone:  (334) 206-3126
Facsimile:  (334) 481-0815
RAH2@rushtonstakely.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 4th day of August, 2017:

Kenneth J. Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, AL 35205

                                            */s/ Mignon A. Lunsford*
                                            OF COUNSEL