FILED
2017 Aug-04  PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit B

ELECTRONICALLY FILED
7/5/2017 11:49 PM
59-CV-2017-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>59-<br>Date of Filing:   Judge Code:<br>07/05/2017 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### NICKELS BOWEN PEEPLES v. DITECH FINANCIAL LLC ET AL

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other    ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
          Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
          Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☑ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING       A ☐ APPEAL FROM       O ☐ OTHER
                              DISTRICT COURT

          R ☐ REMANDED       T ☐ TRANSFERRED FROM
                             OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a
                                                jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**       ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
LAY002                    7/5/2017 11:49:51 PM                /s/ KENNETH JAMES LAY
                          Date                                 Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED


ELECTRONICALLY FILED
7/5/2017 11:49 PM
59-CV-2017-900071.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

**IN THE CIRCUIT COURT OF ST CLAIR COUNTY ALABAMA**
**ASHVILLE DIVISION**

| | | |
|---|---|---|
| **NICKELS BOWEN PEEPLES,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **CV-2017-** |
| | ) | |
| **DITECH FINANCIAL LLC,** | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS INC.** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

Comes now, the Plaintiff, Nickels Bowen Peeples, by and through his

attorney of record and files his complaint in accordance with the Alabama Rules of

Civil Procedure, and in support of said complaint states as follows:

## PARTIES

1. The Defendant, Ditech Financial LLC is a foreign corporation doing business in ST Clair County Alabama, and are in the business of funding and servicing mortgage and collecting mortgage debts. Defendant, Mortgage Electronic Registration Systems, Inc. is a foreign corporation that serves as a nominee on mortgages after the turn of the century and is owned by holding company MERSCORP Holdings, Inc., which owns and operates an electronic registry known as the MERS system, which is designed to track servicing rights and ownership of mortgages in the United States.

2.      The Plaintiff in this action, Nickels Peeples, is an adult resident of ST Clair County Alabama who is over the age of nineteen.

## JURISDICTION

3.      Jurisdiction is proper in this Court as the underlying action is based upon a property located in St Clair County, Alabama. The action is brought regarding an attempted foreclosure instituted in St Clair County, Alabama, and is in the nature of a complaint regarding that attempted foreclosure action. The action seeks damages in tort for the actions of the Defendants with respect to their attempted foreclosure on the property in question.

## VENUE

4.      Venue is proper in this Court as the Plaintiff is a citizen of St Clair County, all or substantially all of the wrongs complained of occurred in this county, and the property is situated in this county.

## STATEMENT OF FACTS

5.      Nickels Peeples is the sole owner of the property located at 1281 Sanie Road Branchville Alabama  35120.  Plaintiff, Nickels Peeples, is at all times herein mentioned the owner and/or entitled to possession of the property located at 1281 Sanie Road Branchville Alabama  35120. The legal description of said property is:  Lot One (1) according to the map and survey of Smith Farms Subdivision, as recorded in the Office of the Judge of Probate of St. Clair County, Alabama, in Map Book A-53, Page 2. Smith Farm Subdivision having been resurveyed after mortgage herein and resurvey being recorded in Map Book 2008, Page 19.

6.      There is a mortgage lien recorded against said property.  The mortgage dated June 27, 2007 was executed by Deidra Y. Peeples, who was a married woman at the time of execution, and married to Plaintiff Nickels Peeples at that time.  The mortgage, in favor of Mortgage Electronic Registration Systems, Inc. solely as nominee for New South Federal Savings Bank, said Mortgage being recorded July 3, 2007, in Book 2007,

Page 37496 in the Office of the Judge of Probate of St. Clair County, Alabama.  The mortgage was purportedly later assigned to Green Tree Servicing LLC by instrument recorded in Book 2015, Page 2849 in the Office of the Judge of Probate of St. Clair County, Alabama.

7. Ditech Financial LLC has advertised the property for a foreclosure sale on July 6, 2017 at the County Courthouse in St. Clair County, Ashville Division, Alabama during the legal hours of sale.

8. Plaintiff is informed and believes and thereupon alleges that the Defendants claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendants are without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in said property.

9. As previously stated, the mortgage lien in question is fraudulent, invalid, and unenforceable because it is based on mortgage document which was not signed by the Plaintiff or authorized by the Plaintiff as required under Alabama Law.  Accordingly, the mortgage is invalid and an unenforceable mortgage lien on the property located at 1281 Sanie Road Branchville Alabama  35120.

10. The Promissory Note execute by Deidra Peeples was discharged in her chapter 7 Bankruptcy proceeding.  Accordingly, the underlying debt which supported the mortgage lien has been discharged by the bankruptcy court.

11. Deidra Peeples and the Plaintiff, Nickels Peeples were subsequently divorced, and the property was fully and completely transferred to Nickels Peeples by deed as a result of the divorce.  Accordingly, Nickels Peeples is the sole owner of the property at this time and Deidra Peeples has no interest in said property.

12. Plaintiff therefore seeks a declaration that the title to the subject property is vested in plaintiff alone and that the defendants herein be declared to have no estate, right, title or interest in the subject property, and that said defendants be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

3

13. Foreclosure proceedings were instituted by the Defendants against the Plaintiff's property.  The Defendants published a foreclosure sale notice in the newspaper and declared that a foreclosure sale of the property would occur on July 6, 2017.  Defendant's attorney, Spina & Lavelle, sent a letter to Plaintiff regarding the foreclosure sale notice as "someone who might have an interest in the property."

14. Despite Plaintiff notifying Defendants of the invalid mortgage on the property, the Defendants refused to cancel the sale and insisted on going forward with said sale as scheduled.  Plaintiff made numerous attempts to address this issue and stop the sale even hiring an attorney to deal with the situation. Nonetheless, all those efforts failed and the law firm informed the Plaintiff that the sale would go forward as scheduled.

15. The loan was allegedly later sold and transferred to Green Tree, now known as Ditech Financial although the Plaintiff is unaware of the validity of the alleged transfers.

16. On May 27, 2017, Defendants improperly and wrongfully began foreclosure proceedings on the Plaintiff's property.

17. The Law firm of Spina & Lavelle, P.C. handled the attempted foreclosure sale.

18. The Defendants began foreclosure proceedings on Plaintiff's property on May 27, 2017 despite knowing that the Plaintiff claimed that the mortgage was invalid and that the attempted foreclosure sale was wrongful and improper.

19. The foreclosure sale date was published in the local newspapers as well as online on the web which caused the Plaintiff's reputation and character due the false information regarding a defaulted mortgage and foreclosure sale of his property.  The information published was false due to there never being a valid mortgage attached to the property and the reporting of the foreclosure sale date which was invalid and wrongful.

20. As previously stated, the mortgage lien in question is invalid, and unenforceable because it is based on an improper mortgage not authorized by the Plaintiff.

4

21. Plaintiff contends that the attempted sale was wrongful, illegal, in violation of law.

22. Plaintiff contends that the foreclosing entity lacked standing or authority to initiate foreclosure proceedings on his property.

23. Plaintiff alleges that the actions of the Defendants and its agents, employees and servants were wrongful and tortious.

24. Plaintiff alleges that the actions of Defendants by improperly attempting foreclosure on his property is a violation of law, wrongful and tortious and that the Defendants had no authority to foreclose on his home or property, and that their actions constitute negligence, wantonness, abuse of process and slander of title.

25. As a direct result of the acts complained of Plaintiff has suffered great mental anguish, damage to his reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

26. The foreclosure sale date which included false information related to the alleged improper mortgage was published in the newspaper, in May 2016 and June 2016.

## COUNT ONE
## QUIET TITLE

27. Plaintiff, Nickels Peeples, is at all times herein mentioned the owner and/or entitled to possession of the property located at 1281 Sanie Road Branchville Alabama  35120. The legal description of said property is: Lot One (1) according to the map and survey of Smith Farms Subdivision, as recorded in the Office of the Judge of Probate of St. Clair County, Alabama, in Map Book A-53, Page 2. Smith Farm Subdivision having been resurveyed after mortgage herein and resurvey being recorded in Map Book 2008, Page 19.

28. There is a mortgage lien recorded against said property.  The mortgage dated June 27, 2007 was executed by Deidra Y. Peeples, who was a

married woman at the time of execution, and married to Plaintiff Nickels Peeples at that time.  The mortgage, in favor of Mortgage Electronic Registration Systems, Inc. solely as nominee for New South Federal Savings Bank, said Mortgage being recorded July 3, 2007, in Book 2007, Page 37496 in the Office of the Judge of Probate of St. Clair County, Alabama.  The mortgage was purportedly later assigned to Green Tree Servicing LLC by instrument recorded in Book 2015, Page 2849 in the Office of the Judge of Probate of St. Clair County, Alabama.

29. Ditech Financial LLC has advertised the property for a foreclosure sale on July 6, 2017 at the County Courthouse in St. Clair County, Ashville Division, Alabama during the legal hours of sale.

30. Plaintiff is informed and believes and thereupon alleges that the Defendants claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendants are without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in said property.

31. As previously stated, the mortgage lien in question is fraudulent, invalid, and unenforceable because it is based on mortgage document which was not signed by the Plaintiff or authorized by the Plaintiff as required under Alabama Law.  Accordingly, the mortgage is invalid and an unenforceable mortgage lien on the property located at 1281 Sanie Road Branchville Alabama  35120.

32. The Promissory Note execute by Deidra Peeples was discharged in her chapter 7 Bankruptcy proceeding.  Accordingly, the underlying debt which supported the mortgage lien has been discharged by the bankruptcy court.

33. Deidra Peeples and the Plaintiff, Nickels Peeples were subsequently divorced, and the property was fully and completely transferred to Nickels Peeples by deed as a result of the divorce.  Accordingly, Nickels Peeples is the sole owner of the property at this time and Deidra Peeples has no interest in said property.

34. Plaintiff therefore seeks a declaration that the title to the subject property is vested in plaintiff alone and that the defendants herein be declared to have no estate, right, title or interest in the subject property, and that said

defendants be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

WHEREFORE, plaintiff prays for judgment against defendants, as follows: For an order compelling said Defendants to transfer legal title and possession of the subject property to Plaintiff herein; For a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendants herein, be declared to have no estate, right, title or interest in said property; For a judgment forever enjoining said defendants from claiming any estate, right, title or interest in the subject property; For costs of suit herein incurred.

## COUNT TWO NEGLIGENCE

35. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

36. The Defendants negligently serviced the loan made the basis of this suit, negligently attempted to collect sums not owed by the Plaintiff, negligently caused her property insurance to be canceled,  negligently attempted a foreclosure sale on Plaintiff's property, were negligent by failing to make sure that information disseminated to others was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; negligent by failing to properly train their employees on the thorough investigation of disputed accounts; negligent by failing to properly train, and/or supervise their employees and agents with regard to the handling of this mortgage and failing to take action to remove the mortgage lien from Plaintiff's property once she disputed the same.

37. As a direct result of the said negligence, the Plaintiff was injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

38. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to their negligence.

## COUNT THREE
## WANTONNESS

39. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

40. The Defendants acted with reckless indifference to the consequences, and consciously and intentionally wrongfully serviced the loan made the basis of this suit, attempted to collect sums not owed by the Plaintiff, caused her property insurance to be canceled, attempted to conduct a foreclosure sale on Plaintiff' property, failed to make sure that information disseminated to others was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; failed to properly train their employees on the thorough investigation of disputed accounts; failed to properly train, and/or supervise their employees and agents with regards to the handling of this mortgage and failing to take action to remove the mortgage lien from Plaintiff's property once she disputed the same.

41. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendants.

42. The Defendants knew that these actions were likely to result in injury to the Plaintiff including financial and emotional injuries and mental anguish.

43. As a proximate result of the Defendants' wantonness the Plaintiff was injured and harmed and suffered financial injury and emotional damage.

44. As a result thereof, Defendants is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

## COUNT FOUR
## WRONGFUL FORECLOSURE

39. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

40. Defendants wrongfully initiated and attempted to conduct a foreclosure proceeding against the Plaintiff's property in violation of law.

41. The attempted foreclosure proceeding by the Defendants was either negligent, wanton or intentional, depending on proof adduced at Trial. The power of sale was exercised for a purpose other than to secure the debt owed by plaintiff, as there was no valid mortgage lien on the property at the time of the attempted wrongful foreclosure sale.

42.     As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

## COUNT FIVE
## SLANDER OF TITLE

43.     The Plaintiff re-alleges all paragraphs as if set out here in full.

44.     Defendants are attempting foreclosure which has caused a cloud to be placed on the title of the property of the Plaintiff. Moreover they clouded title of the Plaintiff by recording a fraudulent deed and mortgage related to her property.

45.     As the proximate cause of the Defendants' said slandering of the Plaintiff's title, she was caused to suffer injuries and damages and claims all damages allowable under law.

## COUNT SEVEN
## PLACED IN A FALSE LIGHT

53.     Plaintiff adopts the above paragraphs as if fully set forth herein.

54.     In association with the servicing of the loan account, Defendants held Plaintiff  up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and reputation remarks about Plaintiff which was offensive, untrue, and inaccurate, and which alleged Plaintiff had a mortgage against her property and that said property was subject to foreclosure sale by Defendants, or has a bad debt with Defendants.

55.     Defendants knew Plaintiff had no valid mortgage on her property subject to foreclosure, and that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Plaintiff and her

property.  Defendants knew this at the times they were reporting such information.

56.     Defendants held Bias up in a false light and made undesirable and negative remarks about her which were published in the newspaper and on the internet. Defendants provided this false information to third parties.

57.     The conduct of Defendants was objectionable to Bias and to any reasonable person.  Defendants' action was willful, reckless, wanton and/or made with malice and resulted in Plaintiff being unreasonably placed in a false light.

58.     Due to Defendants' conduct, Plaintiff was caused to be held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Prays for Judgment against Defendants in an amount to be determined by trier of fact.

## <u>COUNT EIGHT</u>
## DEFAMATION, LIBEL, SLANDER

59.     Plaintiff adopts the above paragraphs as if fully set forth herein.

60.     The Defendants willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, resulted in insurance cancellation and harmed the Plaintiff's credit reputation.  Defendants published in the newspaper false information regarding an invalid mortgage on Plaintiff's property and regarding its right to conduct a foreclosure sale on his property.

61.     Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with him.

62.     The Defendants communicated to third parties, false information that Plaintiff's property was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning Plaintiff

63. Defendants published such defamatory and libelous information in the newspaper and on the internet.

64. Said communications were false in that Plaintiff was not subject to a valid mortgage or subject to foreclosure of his property.

65. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

66. As a result of the intentional communication to third parties of false information, Plaintiff was caused to suffer injury to his reputation in the eyes of the community and the public and was subject to ridicule.

67. Said communications were oral and/or written.

68. As a proximate consequence of the Defendants' acts, Plaintiff was caused to be injured and damaged.

69. Defendants knowingly published such defamatory and libelous information which it knew to be false.   Furthermore, Defendants published in the local newspaper in St Clair County Alabama the false information of the foreclosure sale notice.  This foreclosure sale notice states that the Plaintiff's had a defaulted mortgage and was subject to foreclosure Defendants knew this information was inaccurate at the time it published this notice in the local paper, and the published false information harmed Plaintiff's  reputation and character.  As a result, the Plaintiff suffered damages of his reputation which negatively affected his credit and his business causing monetary losses.

70. Said communications were false in that Plaintiff was not subject to a valid mortgage or foreclose, and that Defendant had no right to foreclose.

71. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

11

72.    As a result of the intentional communication to third parties of false information, Plaintiff was caused to suffer injury to his reputation in the eyes of the community.


## COUNT NINE:
## CLAIM FOR DECLARATORY RELIEF

73. The Plaintiff  re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:


74.    Defendants improperly obtained a mortgage lien on Plaintiff's property without consent of the Plaintiff and without Plaintiff's authorization or knowledge.  As a result Plaintiff is entitled to the following declaratory relief:  (1) An Order declaring that he is the rightful owner of the property in question.  (2) An order declaring that Defendants have no right or interest in said property and declaring the mortgage lien invalid and void.   (3) An Order prohibiting Defendants from foreclosing on Plaintiff's property.


**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants respectfully pray of the Court as follows:

a.    That the Plaintiff have and recover against the Defendants, a sum to be determined by this Court and his peers in the form of actual damages.

b.    That the Plaintiff have and recover against the Defendants a sum to be determined by this Court in the form of compensatory and punitive damages.

c.    That Plaintiff be awarded attorney fees and court cost.

d.   That Plaintiff's complaint to quiet title in the property be granted, and that he awarded the property and the Defendants be declared to have no valid interest in said property.

e.   That the Plaintiff have such other and further and proper relief as the Court may deem just and proper:

RESPECTFULLY SUBMITTED:

/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiff

13



AlaFile E-Notice

59-CV-2017-900071.00

To:   KENNETH JAMES LAY
      ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

NICKELS BOWEN PEEPLES V. DITECH FINANCIAL LLC ET AL
59-CV-2017-900071.00

The following complaint was FILED on 7/5/2017 11:50:11 PM

Notice Date:     7/5/2017 11:50:11 PM

ANNETTE MANNING
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
100 6TH AVENUE, SUITE 400
ASHVILLE, AL, 35953

205-594-2184



AlaFile E-Notice

59-CV-2017-900071.00

To:  DITECH FINANCIAL LLC
C/O  CT CORPORATION
2 N. JACKSON ST. STE.605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

NICKELS BOWEN PEEPLES V. DITECH FINANCIAL LLC ET AL
59-CV-2017-900071.00

The following complaint was FILED on 7/5/2017 11:50:11 PM

Notice Date:     7/5/2017 11:50:11 PM

ANNETTE MANNING
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
100 6TH AVENUE, SUITE 400
ASHVILLE, AL, 35953

205-594-2184



AlaFile E-Notice

59-CV-2017-900071.00

To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O CT CORPORATION
2. N. JACKSON ST. STE.605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

NICKELS BOWEN PEEPLES V. DITECH FINANCIAL LLC ET AL
59-CV-2017-900071.00

The following complaint was FILED on 7/5/2017 11:50:11 PM

Notice Date:     7/5/2017 11:50:11 PM

ANNETTE MANNING
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
100 6TH AVENUE, SUITE 400
ASHVILLE, AL, 35953

205-594-2184

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>59-CV-2017-900071.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### NICKELS BOWEN PEEPLES V. DITECH FINANCIAL LLC ET AL

**NOTICE TO:** DITECH FINANCIAL LLC, C/O  CT CORPORATION 2 N. JACKSON ST. STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH JAMES LAY                                                                                                ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1117  South  22nd Street, BIRMINGHAM, AL 35205                                .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of NICKELS BOWEN PEEPLES pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 7/5/2017 11:50:11 PM | /s/ ANNETTE MANNING | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ KENNETH JAMES LAY

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                                .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                              County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on                              .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>59-CV-2017-900071.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### NICKELS BOWEN PEEPLES V. DITECH FINANCIAL LLC ET AL

**NOTICE TO:** MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., C/O CT CORPORATION 2. N. JACKSON ST. STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH JAMES LAY                                                                                          ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1117  South  22nd Street, BIRMINGHAM, AL 35205                         .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of NICKELS BOWEN PEEPLES pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 7/5/2017 11:50:11 PM | /s/ ANNETTE MANNING | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ KENNETH JAMES LAY

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                         .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                         County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on                         .

*(Date)*

_____          _____          _____
*(Type of Process Server)*              *(Server's Signature)*                  *(Address of Server)*

_____          _____
*(Server's Printed Name)*              *(Phone Number of Server)*

DOO2

**SENDER: COMPLETE THIS SECTION**

- ■ Complete Items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:   CU 2017-900091

Mortgage Electronic Registion
Systems Inc.
c/o corporation
2 N Jackson St Ste 605
Montgomery, AL 36104

```
9590 9402 2690 6351 7004 69
```

2. Article Number *(Transfer from service label)*

017 0530 0000 6577 7270

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Laura McHaney      ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

FILED                              7·12·17

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

NORTHERN DIVISION-ASHVILLE

JUL 17 2017

ST. CLAIR COUNTY

CLERK & REGISTER

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery                ☐ Return Receipt for Merchandise
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail                       ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery   ☐ Signature Confirmation Restricted Delivery
   (over $500)

Domestic Return Receipt

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:   CU 2017-9000)1

Ditech Financial LLC
4o CT Corporation
2N Jackson St STE 605
Montgomery, AL 36104

9590 9402 2690 6351 7008 27

2. Article Number (Transfer from service label)

7017 0530 0000 6577 7287

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Laura McHaney
☐ Agent
☐ Addressee

B. Received by (Printed Name)

FILED
NORTHERN DIVISION NASHVILLE

JUL 17 2017

ST. CLAIR COUNTY

C. Date of Delivery
7/13/17

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature CLERK & REGISTER
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 2690 6351 7008 27

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box•

FILED
NORTHERN DIVISION-ASHVILLE

St Clair County Circuit Clerk   JUL 17 2017
100 - 6th Avenue Suite 400      ST. CLAIR COUNTY
Ashville, Alabama  35953        CLERK & REGISTER