**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| **NICKELS BOWEN PEEPLES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 4:17-CV-1311-VEH** |
| | ) |
| **DITECH FINANCIAL LLC and** | ) |
| **MORTGAGE ELECTRONIC** | ) |
| **REGISTRATION SYSTEMS, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.**    **INTRODUCTION**

On August 4, 2017, Defendants Ditech Financial LLC ("Ditech") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") removed this case to the Northern District of Alabama. (Doc. 1). On that day, Defendants also filed a Motion To Dismiss. (Doc. 3). In response, the Court, on September 6, 2017, took two actions. First, the Court stayed the case until ruling on the pending Motion To Remand. (Doc. 10). Second, the Court issued an Order Requiring Repleader within 14 days because Plaintiff's Complaint was a "shotgun pleading." (Doc. 11).

Now before the Court is Plaintiff Peeples's Motion To Remand (the "Remand Motion") filed on September 5, 2017. (Doc. 8). Defendants responded on September

15, 2017. (Doc. 12). In Defendants' response, they moved to stay ruling on the Remand Motion until after Plaintiff files an amended complaint, and they also argued their opposition to the Motion. (*Id.* at 1). To date, Plaintiff has neither filed a new complaint, nor has he replied to Defendants' response. Accordingly, this Motion is ripe for review.

The issue presented is whether this case meets the amount in controversy requirement needed to confer federal jurisdiction. For the reasons herein stated, this Court determines that it does. Accordingly, the Remand Motion is **DENIED**.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute over a home foreclosure. (Doc. 1-2 at 4-7). The Complaint states nine counts for relief. (*Id.* at 7-14). It does not explicitly state a specific dollar amount in controversy. (*See generally id.*). The case was originally filed in the Circuit Court of St. Clair County, Alabama, on July 5, 2017. (*Id.* at 3). The complaint states multiple counts. (*Id.* at 7-14). Among those claims are quiet title, negligence, wantonness, wrongful foreclosure, slander of title, placed in a false light, defamation/libel/slander, and declaratory relief. (*Id.*).

Defendants Ditech and MERS removed this case to the Northern District of Alabama on August 4, 2017. (Doc. 1 at 1). The basis for removal was diversity jurisdiction. (*Id.* at 2-6). Although the Defendants do not state as much in their Notice

of Removal, this case was removed under 28 U.S.C. § 1446(b)(1). That statute states:

> **(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> **(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Defendants filed the Notice of Removal within 30 days after being served. (Doc. 1 at 7); (*see also* Doc. 1-2 at 21-22). They base their removal on the complaint filed in state court, not a later "pleading, motion, order or other paper

3

from which it may be first ascertained that the case is one which is or has become removable." (*See generally* Doc. 1-2); *see* 28 U.S.C. § 1446(b)(3). This means that it is a "first paragraph removal case." *See Smith v. Family Dollar Stores, Inc.*, No. 7:14-cv-161-SLB, 2014 WL 4793445 at *2 (N.D. Ala. Sept. 25, 2014).[1,2]

Defendants allege complete diversity of citizenship. (Doc. 1 at 3-4). Defendants also allege that this case meets the amount in controversy requirement. (*Id.* at 4). However, Plaintiff argues that this case does not meet the amount in controversy

---

[1] The court in *Smith* explained the difference:

> 28 U.S.C. § 1446(b) makes removal proper in two instances. In the first instance, which is delineated in section 1446(b)(1) (formerly referred to as "first paragraph removal"), removal is based upon the plaintiff's initial pleading. Under section 1446(b)(1), the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Cases may also be removed under section 1446(b)(3) (formerly referred to as "second paragraph removal"). A case not initially removable under section 1446(b)(1) may be removed under section 1446(b)(3) if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

*Smith*, 2014 WL 4793445 at *2 (internal footnote omitted). This matters because whether it is a "first paragraph removal" or a "second paragraph removal" determines whether this Court applies *Roe* or *Lowery*. *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 n.3,4 (11th Cir. 2010) (noting that *Roe* deals with first paragraph removal cases and *Lowery* deals with second paragraph removal cases). Here, both parties erroneously cite to *Lowery*. (*See* Doc. 8 at 3); (*see* Doc. 1 at 5); (*see* Doc. 12 at 3). They should be citing to *Roe*. *See Roe*, 613 F.3d at 1061, n.3,4.

[2] While Defendants mention they removed the case under 28 U.S.C. § 1446, they do not state which provision of § 1446. (Doc. 1 at 1). Defendants did mention the date of service as the time that triggered the time limits of § 1446. (Doc. 1 at 7) ("This matter became removable on or about July 13, 2017, the date Ditech was served."). This is consistent with a § 1446(b)(1) removal, meaning that *Roe,* not *Lowery*, should be used. *See Roe*, 613 F.3d at 1061 n.3,4.

requirement. (Doc. 8 at 5-7).

### III. LEGAL STANDARDS

#### A. Subject Matter Jurisdiction Generally

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Accordingly, '[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power.'" *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S. Ct. 418, 425, 30 L. Ed. 2d 383 (1971)). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing

*Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (footnote omitted) (citation omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise,</u> except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

6

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B. Defendant's Burden on Removal

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the removing defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists."). "The court should determine its jurisdiction over the case 'based upon the plaintiff's pleadings at the time of removal.'" *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003).

"[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal

jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "In fact, removal statutes are to be <u>strictly construed</u>, with <u>all doubts resolved in favor of remand</u>." *Lowe's*, 995 F. Supp. at 1389 (emphasis added) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996)).

C. **Unspecified Amount in Controversy**

The Eleventh Circuit stated the following regarding situations where the Plaintiff alleges unspecified damages:

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir.2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001)).

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at

8

771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal footnotes omitted).

## IV. ANALYSIS

Plaintiff alleges that "Defendants completely rely on speculation and conjecture in its removal notice regarding the amount in controversy." (Doc. 8 at 6). Plaintiff also implies that Defendant Ditech does not have "a legitimate interest in the debt" and so the amount in controversy is not met. (*Id.*). However, whether Defendant Ditech has an interest in the debt is not the relevant question here; the relevant

question here is whether the parties have a controversy that exceeds $75,000. For the reasons stated below, they do. The Court will analyze two of the claims to show that they exceed $75,000.[3]

"In a quiet title action, the amount in controversy for determining subject matter jurisdiction is the value of the property." *Orton v. Matthews*, 572 F. App'x 830, 831 (11th Cir. 2014) (citing *Frontera Transp. Co. v. Abaunza*, 271 F. 199, 201 (5th Cir. 1921)). "The note and mortgage at issue between the parties . . . . are contracts that establish the fair market value of [plaintiff's] property interest." *Mapp v. Deutsche Bank Nat. Trust Co.*, No. 3:08-CV-695-WKW[WO], 2009 WL 3664118 at *4 (M.D. Ala. Oct. 28, 2009).[4]

Count 1 of Plaintiff's Complaint is for quiet title. (Doc. 1-2 at 7-9). When Defendants removed the case, they attached a copy of the mortgage on Plaintiff's home. (Doc. 12 at 3); (Doc. 1-1). That mortgage states that it is for $220,000. (Doc. 1-1 at 3). Further, in Plaintiff's complaint, he asks "that he [be] awarded the property and the Defendants be declared to have no valid interest in said property." (Doc. 1-2

---

[3] Just because the Court is only analyzing two of the claims to show that they exceed $75,000 does not mean that the other claims do not exceed $75,000. They may well exceed $75,000, but regardless they would come in at least under supplemental jurisdiction (if not diversity) for the reasons stated later in this Memorandum Opinion and Order.

[4] Plaintiff makes an argument along the lines that the amount of the mortgage "may not even be relevant." (*See* doc. 8 at 6). This argument is wrong, as the *Mapp* case shows. *See Mapp*, 2009 WL 3664118 at *4.

at 15). A property interest worth $220,000 is clearly far more than the jurisdictional minimum of $75,000.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) (citing other sources). "'In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.'" *Mapp*, 2009 WL 3664118 at *2 (quoting *Cohen*, 204 F.3d at 1077).

Count 9 is for declaratory relief. (Doc. 1-2 at 14). Plaintiff wants the Court to "declar[e] that he is the rightful owner of the property in question." (*Id.*). As stated above, the mortgage shows the value of the property to be $220,000, an amount exceeding $75,000. If the Court ruled in Plaintiff's favor, he would potentially have a judgment declaring him to be the owner of a parcel of property worth $220,000. Again, this sum exceeds the jurisdictional minimum.

"[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). There must be a "common nucleus of operative fact." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). In this case, it is clear that all of Plaintiff's claims "derive

from a common nucleus of operative fact." *See id.* They all stem from the foreclosure of and disputes over title to the subject property. (*See* Doc. 1-2 at 4). To the extent any claim the Court did not analyze does not meet the amount in controversy requirement, it certainly meets the requirement for supplemental jurisdiction under § 1367(a).

For the aforementioned reasons, it is clear that the amount in controversy is met by a preponderance of the evidence.

V. **CONCLUSION**

In conclusion, the Motion To Remand is **DENIED**. Additionally, the Court recognizes the potential for confusion given that it issued a stay on the same day that it issued its Order Requiring Repleader. (Doc. 11). Accordingly, Plaintiff has fourteen (14) days from the date of this order to comply with the Order Requiring Repleader. **Failure to comply may result in dismissal of this action for lack of prosecution.**

**DONE** and **ORDERED** this the 7th day of November, 2017.

                                       **VIRGINIA EMERSON HOPKINS**
                                       United States District Judge