# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **NICKELS BOWEN PEEPLES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:17-CV-1311-VEH** |
| | ) |
| **DITECH FINANCIAL LLC and** | ) |
| **MORTGAGE ELECTRONIC** | ) |
| **REGISTRATION SYSTEMS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION AND RELEVANT BACKGROUND

Before the Court is Defendant Ditcech Financial LLC's ("Ditech") Motion To Dismiss (the "Motion") Plaintiff Peeples's Amended Complaint. (Doc. 20). This action was originally removed to the United States District Court for the Northern District of Alabama on August 4, 2017. (Doc. 1). Finding that the original Complaint was a "shotgun" pleading, the Court ordered Peeples to replead. (Doc. 13). He did so on November 28, 2017. (Doc. 18). The parties have completed their briefing, and the Motion is ripe for review. (Docs. 20, 25, 26). Peeples's Amended Complaint states the relevant factual allegations on a 12(b)(6) Motion To Dismiss. (Doc. 18 at 2-5).

## II.  STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

## III.  ANALYSIS

In the Motion, Ditech asks the Court to consider the mortgage note,

assignments, and a letter during the foreclosure proceedings. (Doc. 20 at 2) (citing Docs. 3-1, 3-2, 3-3, 3-4, 3-5). In support, Ditech cites the general rule for "incorporation by reference." (*Id.*). The rule is that:

> [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir.1999). "Undisputed" in this context means that the authenticity of the document is not challenged. *See, e.g., Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 16–17 (1st Cir.1998); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994).

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Black's Law Dictionary defines "authenticity" as "[t]he quality, state, or condition of being genuine, so that the origin or authorship is reliably as claimed." *Authenticity*, BLACK'S LAW DICTIONARY (10th ed. 2014). In his response to the Motion, Peeples states that "[he] does contest the authenticity of the endorsed note and the assignment." (Doc. 25 at 2).[1]

The Defendants' arguments are premised upon their allegation that the mortgage at issue is a purchase money mortgage. (Doc. 20 at 1-2). However, their sole basis for this factual allegation is a reference to all 16 pages of the Mortgage.

---

[1] The Court assumes Peeples is referencing the documents actually attached to the Motion. All of those documents are public records (except Doc. 3-5 which the Court did not consider) and the Court takes judicial notice of them.

Defendants have not pointed out to the Court any specific language establishing that the mortgage is a purchase money mortgage.

**IV.** **CONCLUSION**

Based on the Defendants' failure to establish, in the manner permitted by Rule 12(b)(6), its assertion that the mortgage is a "purchase money mortgage," the Motion fails. Accordingly, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 20th day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge