FILED
2019 Apr-08  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **NICKELS BOWEN PEEPLES,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **DITECH FINANCIAL LLC,** ) <br> **MORTGAGE ELECTRONIC** ) <br> **REGISTRATION SYSTEMS, INC.,** ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION NO.** <br> **4:17-cv-01311-ACA** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Ditech Financial LLC's ("Ditech") unopposed motion for summary judgment on all claims brought by Plaintiff Nickels Bowen Peeples. (Doc. 42). Mr. Peeples alleges that Ditech wrongfully claimed an adverse interest in Mr. Peeples' property and wrongfully initiated and advertised foreclosure proceedings against the same property.[1] (Doc. 18 at 3 ¶¶ 8, 13). Mr. Peeples brings various state law tort claims against Ditech for monetary, injunctive, and declaratory relief. (*Id.*).

The court **GRANTS IN PART** and **DENIES IN PART** Ditech's motion for summary judgment. First, the court **STAYS** the proceedings with respect to Counts Two, Three, and Four because Ditech has notified the court of its voluntary

---

[1] Mr. Peeples initially named a second defendant, but he dropped that defendant when he filed his amended complaint.

petition for bankruptcy relief under Chapter 11, which operates as an automatic stay of those counts under 11 U.S.C. § 362. As a result, the court **DENIES** the motion for summary judgment on Counts Two, Three and Four **WITHOUT PREJUDICE** to refiling the motion if and when the automatic stay is lifted. But because the bankruptcy court granted Ditech limited relief from the automatic stay to assert a defense in title disputes, the stay does not preclude the court's consideration of Counts One and Five. The court **GRANTS** summary judgment on Counts One and Five because the undisputed evidence establishes that the mortgage was valid.

## I. BACKGROUND

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted). Although Mr. Peeples did not respond to the motion for summary judgment, the court has reviewed "all of the evidentiary materials submitted in support of the motion for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). The court draws its description of the facts from those evidentiary materials.

On June 27, 2007, Deidra Y. Sanders, then Deidra Y. Peeples, purchased property located at 1281 Sanie Road, Branchville, Alabama 35210. (Doc. 42-1 at 3 ¶ 3). To finance the purchase of the property, Ms. Sanders entered into and executed a promissory note and mortgage. (*Id.* at 3 ¶ 4). On June 26, 2009, Ms. Sanders and Mr. Peeples divorced and Ms. Sanders transferred her interest in the property to Mr. Peeples. (*Id.* at 4 ¶ 11). The divorce required Mr. Peeples to obtain a mortgage to purchase the property in his name and required Ms. Sanders to convey the property to Mr. Peeples by quit claim. (*Id.* at 4 ¶¶ 11–12). Ms. Sanders conveyed the property to Mr. Peeples by quit claim deed on September 3, 2009 (doc. 42-1 at 4 ¶ 12), but it appears he never obtained a mortgage in his own name (*see* doc. 18 at 3 ¶¶ 9, 11). In October 2012, Ms. Sanders filed for Chapter 7 bankruptcy. (Doc. 42-1 at 4¶ 17). The bankruptcy court discharged Ms. Sanders' case in 2013. (*Id.*).

In 2017, the note fell into default and Ditech initiated foreclosure proceedings. (*See* Doc. 3-5). Ditech published a foreclosure sale notice and advertised a foreclosure sale of the property for July 6, 2017. (*See* Doc. 18 at 3 ¶ 7).

Before the foreclosure sale, Mr. Peeples filed suit in the Circuit Court of St. Clair County, Alabama, Ashville Division. (Doc. 1-2). He seeks injunctive and declaratory relief based on a claim for quiet title ("Counts One and Five"). (Doc.

18 at 5–7, 12–13). He also seeks monetary damages for (1) slander of title ("Count Two"); (2) being placed in a false light ("Count Three"); and (3) defamation, libel, or slander ("Count Four"). (Doc. 18 at 7–12). Ditech removed the case to this court.

## II. DISCUSSION

Ditech moves for summary judgment on all counts of the complaint. (Doc. 42). After briefing was complete on the motion for summary judgment, however, Ditech filed in this court a notice of its voluntary petition for chapter 11 bankruptcy. (*See* Docs. 51, 51-1). Under 11 U.S.C. § 362(a), filing a bankruptcy petition typically operates as an automatic stay of any judicial action or proceeding against the debtor. The bankruptcy court has granted Ditech limited relief from the automatic stay, allowing it to assert a defense in title disputes. (Doc. 51-2 at 8, 11). Accordingly, the court finds that the automatic stay does not preclude this court's consideration of the motion for summary judgment on Counts One and Five. The automatic stay does, however, apply to Counts Two, Three, and Four, so the court **DENIES** the motion for summary judgment on those counts **WITHOUT PREJUDICE** to refiling if and when the automatic stay is lifted.

As to Counts One and Five, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although

4

Mr. Peeples has not responded to Ditech's motion for summary judgment, this court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The court therefore will proceed to consider the merits of the motion as to Counts One and Five.

In Count One, Mr. Peeples requests an order compelling Ditech to transfer legal title and possession of the property to him and a declaration that Ditech has no claim to the property, all on the basis that the mortgage is invalid. (Doc. 18 at 7 ¶ 34). Mr. Peeples also requests that the court enjoin Ditech from claiming any interest in the property and requests that the court grant him costs incurred while filing suit. (*Id.*). In Count Five, Mr. Peeples alleges that Ditech "obtained a mortgage lien on Plaintiff's property without consent of the Plaintiff and without Plaintiff's authorization or knowledge," and requests that the court declare the mortgage lien invalid and void. (Doc. 18 at 12 ¶ 71).

In support of his challenge to the validity of the mortgage, Mr. Peeples contends that a homestead exemption invalidates the mortgage and that Ms. Sanders' bankruptcy proceeding discharged the debt under the mortgage. (Doc. 18 at 6 ¶¶ 31–32). The court rejects both arguments.

1. Homestead Exemption

First, Mr. Peeples alleges that the mortgage lien held by Ditech is invalid because, under what is called the homestead exemption, he did not sign it or authorize Ms. Sanders to execute it. (Doc. 18 at 6 ¶ 31). The homestead exemption provides that "no mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife." Ala. Code § 6-10-3. "The requirement of a spouse's signature on a conveyance is intended to protect that spouse from a conveyance of the homeplace without his or her consent." *Sims v. Cox*, 611 So. 2d 339, 341 (Ala. 1992)).

The homestead exemption is inapplicable in this case because Mr. Peeples is not challenging the conveyance of the property, but instead the validity of the mortgage. But even if the homestead exemption protected a spouse from the other spouse purchasing a property using a mortgage, a purchase money mortgage takes priority over any homestead interest in a property. *See* Ala. Code § 6-10-4 ("The provisions of this article shall not, however, be so construed as to prevent any lien attaching to the homestead in favor of . . . any vendor for unpaid purchase money."); *see also Coon v. Henderson*, 199 So. 704, 706 (Ala. 1940) (holding that it is well-settled that a homestead claim cannot prevail against a purchase-money mortgage).

A purchase-money mortgage is "[a] mortgage on land executed to secure the purchase money by a purchaser of the land executed contemporaneously with the acquisition of the legal title." *Martin v. First Nat. Bank of Opelika*, 184 So. 2d 815, 818–19 (Ala. 1966). Here, Ms. Sanders executed the mortgage and used the purchase money from the mortgage to acquire legal title of the property (doc. 42-1 at ¶ 5), so the mortgage is a purchase-money mortgage. Although she entered into the mortgage agreement alone (doc. 42-1 at 2 ¶ 4), Mr. Peeples's signature was not required for a valid mortgage lien. *See Camden Fire Ins. Ass'n v. Landrum*, 156 So. 832, (Ala. 1934) ("[A] purchase-money mortgage given by the husband alone is good against any homestead or dower rights of the wife."). Accordingly, the homestead exemption does not invalidate the mortgage in this case.

2. Bankruptcy Proceeding

Mr. Peeples also argues that Ms. Sanders' bankruptcy proceeding discharged the "underlying debt which supported the mortgage lien." (Doc. 18 at 6 ¶ 32). A Chapter 7 bankruptcy discharge does not, however, deprive a mortgagee of its right to collect its debt *in rem.* 11 U.S.C. § 524(a)(2) (2012) ("A discharge . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal liability* of the debtor.") (emphasis added); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of

7

enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."). Instead, "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson*, 501 U.S. at 83. Because purchase-money mortgage liens survive Chapter 7 bankruptcy, the mortgage against the property survived Ms. Sanders' bankruptcy.

In short, neither the homestead exemption nor the bankruptcy proceeding invalidated the mortgage. Accordingly, Ditech is entitled to summary judgment on Counts One and Five.

### III. CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment. The court **GRANTS** the motion and **ENTERS SUMMARY JUDGMENT** in favor of Ditech and against Mr. Peeples on Counts One and Five. But Ditech's filing of a chapter 11 bankruptcy petition automatically stays the court's consideration of Counts Two, Three, and Four, so the court **DENIES** the motion for summary judgment on those counts **WITHOUT PREJUDICE** to refiling if and when the automatic stay is lifted.

On its own motion, the court **ADMINISTRATIVELY CLOSES** the case. The parties may move to reopen the case once the automatic stay is lifted or expires.

**DONE** and **ORDERED** this April 8, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE